**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ROBERT GARY FURST, AKA Robert
Furst,

         Plaintiff - Appellant,

  v.

LINDA MAYNE, AKA Linda Furst
Mayne; STEPHEN S. MAYNE,

         Defendants - Appellees.

No. 24-2895

D.C. No.
2:21-cv-01287-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted May 15, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.
Dissent by Judge BUMATAY.

Robert Furst (Furst) appeals the district court's order denying his motion for

partial summary judgment and granting summary judgment in favor of Linda and

---

      \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Stephen Mayne.  Reviewing *de novo*, we affirm.  *See Day v. Henry*, 129 F.4th 1197, 1202 (9th Cir. 2025).

In October 2020, Furst filed a Petition for Repayment (Reimbursement Petition) in state court alleging that he "stepped in and loaned the necessary funds to Hanna Furst[1] (together with additional funds for her rent, groceries, medical care, prescription drugs, medical supplies, medical equipment, and medical transport)."  In November 2021, Furst filed his First Amended Complaint in federal court, alleging that from May to September 2019, in reliance on "Linda[] [Mayne's] prior representations," he used "his own personal funds . . . to defray [Hanna's] monthly living expenses, including her rent, groceries, 24/7 nursing home care, prescription drugs, medical equipment, and medical supplies."  In September 2022, Furst reached a settlement with the Furst Family Trust (the Trust) in the amount of $200,000, contingent on dismissal of the Reimbursement Petition with prejudice.

"[I]f a plaintiff brings two causes of action—one state and one federal—that arise from the same operative facts and seek relief for the same harm, the trial court must assure that the plaintiff recovers only once."  *Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016) (citation omitted).

Furst's claim in the federal action and his claim in the state Reimbursement

---

[1] Hanna Furst (Hanna) is the mother of Robert Furst and Linda Mayne.

Petition are premised on the same injury, using his personal funds to cover Hanna's living expenses, and arise from the same alleged wrong—Linda Mayne's misrepresentations of future reimbursement. Because Furst's injury was made whole by the $200,000 settlement with the Trust, he is precluded from seeking further relief for this asserted injury. *See id*.

We are unpersuaded by Furst's argument that the $200,000 settlement award did not reimburse him for advances made before October 1, 2019, when Linda Mayne served as a Co-Trustee of the Trust. The Settlement Agreement resolved the Reimbursement Petition, which sought relief for advances Furst made while Linda served as a Co-Trustee. Additionally, in the Joint Report submitted by Furst and the Successor Trustee, Furst characterized the Reimbursement Petition as "seek[ing] repayment for *all* funds [Furst] advanced to provide for Hanna's demonstrated medical needs and living expenses." (emphasis added). Nothing in these filings limited the scope of the reimbursement to advancements made after October 1, 2019.

Our colleague in dissent relies on one sentence in the Settlement Agreement to reverse the district court's decision. In the mutual release provision, that sentence reads: "The parties understand and acknowledge that this release does not extend [to] Linda Mayne." However, that single sentence does not nullify the other provisions of the Settlement Agreement confirming that the settlement

encompassed the same claims asserted by Furst against Linda Mayne, including:

> The second Whereas clause acknowledging that the dispute arose "regarding the administration of or claims against the Trust";

> The third Whereas clause acknowledging that the Petition for Repayment of Loans (Reimbursement Petition) was filed because "Trust Assets . . . Were Unavailable.";

> The fifth Whereas clause, acknowledging that the Reimbursement Petition and the case filed in federal court against Linda Mayne were "the Litigation."

Read in its entirety, the Settlement Agreement is consistent with the Joint Report submitted by Furst and the Successor Trustee characterizing the Reimbursement Petition as "seek[ing] repayment for *all* funds [Furst] advanced to provide for Hanna's demonstrated medical needs and living expenses."  "[A]ll funds advanced" necessarily includes those funds Furst now seeks to recover from Linda Mayne.

Furst also represented in his court filings that the settlement was intended to compensate him for "all advances made by him," with no indication of a temporal limit.  In his Response to Defendants' Motion to Dismiss, he stated that "the Reimbursement Petition is totally consistent with [the] First Amended Complaint in this case, because both actions arise out of the improper administration of the Family Trust, which was caused solely by . . . Linda Mayne's fiduciary wrongdoing, including her fiduciary acts of fraud."  He also acknowledged that "[b]oth claims are predicated on . . . Linda Mayne's present intention not to

perform when she stated to [Furst] that she would reimburse him from the Family Trust for all advances made by him for Hanna's living expenses."

Furst's argument that a Probate Bar Order entered on September 21, 2021, prevented him from seeking reimbursement for advances he made before October 1, 2019, was raised for the first time in this case in his Opening Brief, and is therefore forfeited. *See Borja v. Nago*, 115 F.4th 971, 986 n.4 (9th Cir. 2024). In any event, nothing in any state court order in this record prohibited Furst from seeking reimbursement for advancements made before October 1, 2019. [2]

**AFFIRMED.**

---

[2] Although the district court discussed an October 22, 2020 Probate Bar Order in its Order Denying Furst's Motion for Reconsideration, the court noted that this order was not part of the record. *See United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007).

*Furst v. Mayne*, No. 24-2895
BUMATAY, Circuit Judge, dissenting:

Plaintiffs can, and often do, settle lawsuits for less than the full amount of their injury. Indeed, one might expect settlement talks to succeed *only if* the plaintiff agrees to settle for less than he is due in exchange for an early and certain end to litigation. In light of this common practice, Linda Mayne fails to show at summary judgment that Robert Furst's federal claim will result in an impermissible double recovery. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In both his now-dismissed contract suit against Zia Trust in Maricopa County Superior Court and this fraud suit against Mayne, Furst sought to recover the same $433,000. He claims that Mayne caused him to advance this sum to their mother through false promises of repayment out of their family trust. Furst eventually settled his claim against Zia Trust for $200,000—less than half of what he sought in court. Of course, the majority is right that we must ensure Furst "recovers only once." *Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016). But that principle doesn't get us very far here.

The Settlement Agreement between Furst and Zia Trust doesn't say that Furst was only injured in the amount of $200,000—just that Furst will waive his claims against Zia Trust in exchange for that amount. In fact, the Settlement Agreement explicitly states that "this release does not extend [to] Linda Mayne." Thus, I disagree that Furst was necessarily made whole by the $200,000 settlement with the

1

Trust. At bottom, the mere fact of settlement with one party doesn't wipe out Furst's claim against another party.

Absent some other basis for summary judgment, this case should have proceeded to trial so Furst could attempt to prove that (1) Mayne was liable to him for fraud and (2) he suffered $433,000 in damages. The district court would then properly prevent double recovery by discounting any damages owed by Mayne by the $200,000 value of the Settlement Agreement. *See Convoy Corp. v. Sperry Rand Corp.*, 601 F.2d 385, 388–89 (9th Cir. 1979). Extinguishing Furst's claim here disincentivizes plaintiffs suing multiple defendants from taking advantage of settlement offers proposed by some but not all of them. That cuts against the well-established "policy of federal courts … to promote settlement before trial." *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989).

I respectfully dissent.